Entered on Docket
November 13, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: November 9, 2013



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re <br><br> ROBERTA A. KELLEY, <br><br>  Debtor. <br>_____ <br> ANTHONY C. KELLEY, an individual, <br> and ROBERTA A. KELLEY, <br><br>  Plaintiff, <br><br> v. <br><br> WESTERN STATES VENTURES, LLC, a <br> Utah limited liability company; <br> FIRST AMERICAN TITLE INSURANCE <br> COMPANY, a California corporation; <br> and DOES 1 through 50, inclusive, <br><br>  Defendants. <br>_____ | Bankruptcy Case <br> No. 12-33311DM <br><br><br> Chapter 11 <br><br> Adversary Proceeding <br> No. 13-3020DM |

MEMORANDUM DECISION ON MOTION TO DISMISS
CORRECTED SECOND AMENDED COMPLAINT

    On September 20, 2013, this court held a hearing on the motion of defendant Western States Ventures, LLC ("Defendant") to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12") (made applicable by Federal Rule of Bankruptcy Procedure 7012), the corrected second amended complaint ("CSAC") of plaintiffs Anthony C. Kelley and Roberta A. Kelley ("the Kelleys"). Thereafter, the court permitted the parties to submit

-1-

supplemental briefing, and the motion to dismiss ("MTD") was submitted for decision on October 18, 2013. For the reasons set forth below, the court will grant Defendant's MTD as to the second claim for relief arising under the California Finance Lender Laws ("CFLL"); the court has already granted Defendant's motion for summary judgment regarding the first claim for relief (usury), holding that the loan at issue qualified for a broker-arranged exemption to California's usury laws. However, because Defendant did not argue in its opening brief why the court should dismiss the non-CFLL and non-usury claims, the court is not dismissing the fifth through eighth claims for relief in the CSAC, particularly as they incorporate other bases of liability (e.g., judicial estoppel, improper determination of amounts due, and waiver).

**I. INTRODUCTION**

For purposes of the MTD, the court assumes the truth of all material allegations in the CSAC and construes them in the light most favorable to the Kelleys. Assn. For Los Angeles Deputy Sheriffs v. County of Los Angeles, 648 F.3d 986, 991 (9th Cir. 2011). Dismissal is appropriate "if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." Id., *quoting* Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). Here, because the underlying loan transaction is exempt from claims arising under the CFLL, the Kelleys cannot assert a cognizable legal theory based upon that law.

## II. RELEVANT FACTS

In June 2005, the Kelleys borrowed $600,000 (the "$600K loan") from R.E. Loans, LLC ("R.E. Loans") secured by a deed of trust encumbering property located on Fulton Street in San Francisco (the "Property"). See CSAC at ¶¶ 3, 16, and 18. Debtors understood that Bar-K Inc. ("Bar-K") acted as servicer for the loan. Id. at ¶ 19. In March 2006, the Kelleys were contacted by Lupe Rodriguez, "a secretary or clerk in the offices of Bar-K, Lend, Inc. and R.E. Loans." Id. at ¶¶ 12 and 19. Ms. Rodriguez told the Kelleys that they could "redo" the loan to include back due property taxes and loan payments. With assistance from Ms. Rodriguez and Kathleen Wattenburg, the Kelleys refinanced the $600K loan at $650,000 (the "$650K loan"). Id. The $650K loan note reflects that Bar-K would receive a fee in connection with the loan.

In September 2011, R.E. Loans filed its own chapter 11 case; in papers filed in its bankruptcy case, R.E. Loans represented that the loan balance on the $650K loan was $650,000 as of January 12, 2012. Id. at ¶ 25. R.E. Loans sold the $650K loan to Goliath Land & Development ("Goliath") for $559,650 in February or March 2012. Id. at ¶ 26. In April 2012, Goliath endorsed the note to the order of Defendant and executed a document purporting to assign to Defendant the deed of trust encumbering the Property. Before the assignment occurred, Defendant informed Mr. Kelley that the balance due was $1,286,450.40. Id. at ¶¶ 25-31.

The Kelleys thereafter sued Defendant in state court alleging that the loan was usurious and thus unenforceable. Defendant removed the action to this court and filed a motion for summary

-3-

judgment contending that the $650K loan was exempt from California usury laws because it was "arranged" by a real estate broker. Following extensive briefing and oral argument, the court held that the $650K loan was "arranged by Bar-K, even if [the Kelleys] dealt only with non-licensed employees." <u>See</u> Docket Text Orders dated April 11, 2013 and April 28, 2013. Consequently, even though the amount of interest charged with respect to the $650K loan would be usurious under California law, the loan was exempt from such laws as it was arranged by a licensed real estate broker. Cal. Civ. Code § 1916.1.

With leave from the court, the Kelleys amended their complaint to assert claims for violations of the CFLL, as well as for declaratory relief based on waiver/estoppel theories, illegality and public policy. Defendant filed the underlying MTD, alleging that -- in light of the court's prior holding that the $650K loan was arranged by a licensed real estate broker -- the loan transaction was exempt from CFLL regulation.

**III. DISCUSSION**

California Financial Code section 22057 states that the CFLL "does not apply to any loan that is made or arranged by any person licensed as a real estate broker by the state and secured by a lien on real property." This provision exempts transactions involving licensed real estate brokers, not just the brokers themselves. As noted in the Docket Text Order dated September 20, 2013, the court's prior ruling that the loan was arranged by a licensed real estate broker (Bar-K) appears to preclude the Kelley's CFLL claims:

DOCKET TEXT ORDER (no separate order issued:) Defendant

-4-

moved for dismissal of Plaintiff[']s claims under the California Finance Lender Laws (CFLL), arguing that CFLL exempts any loan that is made or arranged by any person licensed as a real estate broker by the state and secured by a lien on real property under Cal. Fin. Code section 22057. Defendant argues that the court[']s prior factual determination (in the context of a motion to dismiss usury claims) that the subject loan was arranged by a real estate broker precludes Plaintiffs from asserting their CFLL claims. In response, Plaintiffs note that the licensed real estate broker in this case also obtained a finance lenders license under CFLL although it was not required to do so. Plaintiffs contend that, therefore, the broker voluntarily submitted to regulation under and compliance with the CFLL, notwithstanding the exemption of section 22057. At oral argument, counsel for Plaintiffs stated that she had located an analogous case in which a court rejected a contention by Wells Fargo that a California statute did not apply to it even though it had licensed to do business under that statutory scheme. On the condition that this case is a published decision that can be cited as precedent, the court will allow Plaintiff[']s counsel to supplement her opposition to provide a citation. The supplement shall be filed (without further discussion) no later than September 27, 2013, with chambers copy provided. If there is no such case, counsel should file a declaration confirming that fact. No further argument shall be made by Plaintiffs or Defendant, unless requested by the court. (Montali, Dennis) (Entered: 09/20/2013)

Counsel for the Kelleys submitted supplemental authorities,[1] but the cited cases involve matters of federal preemption and are not relevant to the issue raised here. Counsel also requested additional time to address the issue of whether a borrower can assert claims arising under the CFLL with respect to a transaction arranged by a real estate broker who is also licensed under the CFLL, notwithstanding the exemption of section 22057. The court allowed the Kelleys to file a supplemental brief, to which

---

[1] Wells Fargo Bank N.A. v. Boutris, 252 F. Supp. 2d 1065 (E.D. Cal. 2003), and Wells Fargo Bank N.A. v. Boutris, 265 F. Supp. 2d 1162 (E.D. Cal. 2003), *affirmed in part and reversed in part,* 419 F.3d 949 (9th Cir. 2005).

-5-

Defendant replied on October 18, 2013. The Kelleys have presented this court with an issue previously unaddressed in any published decision: is the express exemption of section 22057 rendered inapplicable if the licensed real estate broker is also licensed under the CFLL? The sparsity of case law may be due to the clear and unambiguous language of the statute itself, which does not support the Kelleys' interpretation.

Statutory interpretation begins with the plain meaning of its language. Cal. Franchise Tax Bd. v. Jackson (In re Jackson), 184 F.3d 1046, 1051 (9th Cir. 1999). When the statutory language is clear, it is conclusive and the court's inquiry ends. Id. "Ordinarily, the words of the statute provide the most reliable indication of legislative intent." California Code of Civil Procedure § 1859 provides that "[i]n the construction of a statute the intention of the Legislature . . . is to be pursued, if possible." "Ordinarily, the words of the statute provide the most reliable indication of legislative intent." Pacific Gas & Elec. Co. v. County of Stanislaus, 16 Cal.4th 1143, 1152, 69 Cal.Rptr.2d 329, 947 P.2d 291, 297 (1997). Courts should give the language of the statute "its usual, ordinary import and accord[ ] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." Dyna-Med, Inc. v. Fair Employment & Hous. Comm'n, 43 Cal.3d 1379, 1386-87, 241 Cal.Rptr. 67, 743 P.2d 1323, 1326 (1987).

Section 22057 unconditionally exempts "<u>any loan that is made or arranged by any person licensed as a real estate broker</u> by the state <u>and secured by a lien on real property</u>[.]" Cal. Fin. Code § 22057. The statute does not provide an exception to this
-6-

exemption for brokers who may also be licensed under the CFLL. Rather, it contemplates that brokers may arrange loans to be made by finance lenders "without obtaining a license under this division." While a broker who obtains a license to operate under the CFLL voluntarily submits itself to the regulatory and disciplinary authority of the licensing body, a loan transaction arranged by the licensed broker and secured by real property remains exempt from the CFLL's provisions.

The court has already concluded that the $650K loan was arranged by a licensed real estate broker; the Kelleys do not dispute that the loan is secured by a lien on real property. Thus, even though Bar-K may have chosen to obtain a separate license under the CFLL, the transaction is exempt from the Kelleys' CFLL claims. The plain meaning of the statute is apparent, and the court must honor it.

**III. CONCLUSION**

The court will GRANT Defendant's MTD as to claims arising under the CFLL, but will not dismiss the fifth through eighth claims for relief as they assert independent claims, including waiver and accounting. The court has previously entered summary judgment on the first claim (for usury). Counsel should meet and confer as to how to proceed with the remaining claims (i.e., whether a third amended complaint will be necessary, as intimated by counsel for Defendant. See Dkt. No. 52 at 5:16=17). The court will hold a continued status conference on December 20, 2013, at 1:30 p.m. Counsel for Defendant should upload and serve an order dismissing the CFLL claims for the reasons set forth in this memorandum decision.

**END OF MEMORANDUM DECISION**

Case: 13-03020   Doc# 53   Filed: 11/09/13   Entered: 11/13/13 13:12:16   Page 8 of 8